IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MAYRA E. GINÉS OTERO** | CIVIL NO. 16-2532 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **TOTE SERVICES, INC.; TOTE MARITIME PUERTO RICO, LLC; STEAMSHIP MUTUAL MANAGEMENT (BERMUDA) LTD; THE STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED; STEAMPSHIP INSURANCE MANAGEMENT SERVICES LTD;** | |
| Defendants. | |

### COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES the Plaintiff, Mayra E. Ginés Otero ("Ms. Ginés") through the undersigned attorneys and respectfully alleges and prays as follows:

### I. INTRODUCTION

1.    This is a federal question action filed by plaintiff to redress her injuries suffered due to the intentional and/or negligent acts committed by defendants, related to various incidents occurred during the month of June 2016.

### II.    JURISDICTION AND VENUE

2.    Plaintiff is a seaman, an American Citizen and as an American seaman, she brings this action pursuant to the terms of Section 1916, Title 28,

1

United States Code, without the prepayment of costs or the necessity of depositing security therefore.

3.      The jurisdiction in this case is founded on the Jones Act, 46 U.S.C. §30104 (formerly 46 U.S.C. § 688), 29 U.S.C. § 1333 and General Maritime Law.  In addition, there is also venue and jurisdiction pursuant to 28 U.S.C. section 1332(a) on diversity of citizenship and the amount in controversy exceeds the sum of seventy five thousand dollars, ($75,000.00), exclusive of interest, costs and attorney fees.

4.      Venue of this action in this district is proper pursuant to 28 U.S.C. Sec. 1391 (b), since plaintiff is resident of Puerto Rico and she was hired on Puerto Rico by defendants and knowing that she was a resident of this state.

5.      This Honorable Court has jurisdiction over the parties and the subject matter of this action pursuant to 29 U.S.C. § 2601 et seq.

### III.     REQUEST FOR JURY TRIAL

6.      Plaintiff requests trial by jury.

### IV.     PARTIES

7.      Plaintiff Mayra E. Ginés Otero, *[herein "Plaintiff"]* of legal age, is single and resident of Puerto Rico, with the following address: Villa Blanca #7, Tierras Nuevas Manatí, PR 00674 and her Postal Address: RR1 Box 14076, Manatí, PR 00674

8.      Defendant **TOTE Services, Inc**. is a corporation duly registered and authorized by the state of Florida with the following address:   10550 Deerwood Park Blvd., Suite 602, Jacksonville, FL 32256.

9.      Defendant **TOTE MARITIME PUERTO RICO LLC**., (herein "TOTE MARITIME") is a corporation duly registered and authorized by the state of Puerto Rico with the following address:  Edificio Caso Suite 804, #1225 Ponce de León Ave., San Juan, PR 00907. Tote Maritime Puerto Rico LLC's resident agent is located in Edificio Caso Suite 1206, #1225 Ponce de León Avenues, San Juan, PR 00907.

10.     Codefendant **STEAMSHIP MUTUAL MANAGEMENT (BERMUDA) LTD**, [hereinafter "P&I"] was and still is a liability insurer incorporated in the Bahamas, who had issued and maintained in full force and effect, at the time of the injury and damages as alleged throughout this Complaint, a policy of liability insurance issued to Tote Services and/or Tote Maritime and/or to the vessel **Perla del Caribe**, covering all risks for injuries and accidents that would occur on and within said vessels, and specifically, which would cover liabilities and personal injuries occasioned to crewmembers working aboard the vessel **Perla del Caribe.** Steamship Mutual Management (Bermuda) Ltd address is as follows "Washington Mall II, Unit 416 22, Church Street, PO BOX HM 601, Hamilton, HM, CX, Bermuda".

11.     Codefendant **THE STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED**, [hereinafter "P&I"] was and still is a liability insurer incorporated in the United Kingdom, who had issued and maintained in full force and effect, at the time of the injury and damages as alleged throughout this Complaint, a policy of liability insurance issued to Tote Services and/or Tote Maritime and/or to the vessel **Perla del Caribe**, covering all risks for

injuries and accidents that would occur on and within said vessels, and specifically, which would cover liabilities and personal injuries occasioned to crewmembers working aboard the vessel **Perla del Caribe.** Said codefendant's address is as follows "Aquatical House, 39 Bell Lane, London, E1 7LU, UK".

12.    Codefendant **STEAMPSHIP INSURANCE MANAGEMENT SERVICES LTD**, [hereinafter "P&I"] was and still is a liability insurer incorporated in the United Kingdom, who had issued and maintained in full force and effect, at the time of the injury and damages as alleged throughout this Complaint, a policy of liability insurance issued to Tote Services and/or Tote Maritime and/or to the vessel **Perla del Caribe**, covering all risks for injuries and accidents that would occur on and within said vessels, and specifically, which would cover liabilities and personal injuries occasioned to crewmembers working aboard the vessel **Perla del Caribe.** Said codefendant's address is as follows "Aquatical House, 39 Bell Lane, London, E1 7LU, UK".

### V.    STATEMENT OF CLAIM

13.    Plaintiff was hired, by TOTE Services, Inc., and/or TOTE MARITIME as a Chief Steward aboard the M/V Perla del Caribe.

14.    Defendant, TOTE Services, Inc., and/or TOTE MARITIME, made minimum contacts in Puerto Rico by hiring plaintiff, by conducting and engaging in business activities in Puerto Rico and by calling PR's port.

15.    Plaintiff is a Seafarers International Union's member ("SIU").

16.    At all relevant times TOTE Services, Inc., and/or TOTE MARITIME managed the vessel known as Perla del Caribe**.**

4

17.    At all relevant times TOTE Services, Inc., and/or TOTE MARITIME operated the vessel known as Perla del Caribe.

18.    At all relevant times TOTE Services, Inc., and/or TOTE MARITIME employed the crewmembers onboard the **vessel** known as Perla del Caribe.

19.    At all relevant times TOTE Services, Inc., and/or TOTE MARITIME owned the vessel, known as Perla del Caribe.

20.    A voyage commenced on June 4, 2016 departing from Jacksonville, FL to San Juan, Puerto Rico (herein "The Voyage").

21.    Plaintiff worked for TOTE Services, Inc., and/or TOTE MARITIME as Chief Steward.

22.    Plaintiff worked as a Chief Steward onboard the **Perla del Caribe** from June 4th, 2016 until June 25th, 2016.

23.    Her duties onboard the vessel was to cook and prepare food for all crewmembers.

24.    While working at the Perla del Caribe, Plaintiff was in charge of the kitchen area and supervised all personnel at said area.

25.    Plaintiff's work station was a tight-spaced kitchen where she was expected to cook various meals with limited space.

26.    The tight-spaced kitchen was shared with a Steward Assistant.

27.    The kitchen area consisted of several cooking appliances including stove, oven and a sink that was smaller than the equipment being used.

28.    The freezer and fridge were at a lower deck under the kitchen area and could only be accessed by using a flight of stairs.

5

29.   As part of her job, she was required to use said flight of stairs daily to reach the freezer where all food was kept.

30.   When using the flight of stairs, she was required to carry heavy kitchen equipment with all the food she needed for service.

31.   On her first day at the job, June 4, 2016, she was heading down the stairs when she suddenly slipped, skipping around 2 steps of the stairs.

32.   Even though she was guiding down with the use of the hand rail, the stair were too slippery to hold her up.

33.   She found that even though she was wearing her safety shoes, the stairs and floor in the kitchen were extremely slippery and unsafe.

34.   That same day she reported the incident to bosun, Adrian Surillo, and recommended that the stairs be treated with a protective coating so as to minimize danger.

35.   Bosun, A. Surillo, promised to discuss the problem with the Captain and Chief Mate.

36.   The floors in the kitchen were also slippery at all times since the sink was too small to clean the equipment which caused water to spill on the floor everytime it was used.

37.   On her 3rd day at the job, June 6th, 2016, Plaintiff, once again proceeded with caution, holding the hand rail and wearing her safety shoes, but slipped in front of the freezer, hitting her lower back.

38.   She once again reported the incident to bosun, Adrian Surillo who promised to discuss the problem with the Captain and Chief Mate.

39.    She advised him to hurry and fix the problem since employees were exposed to said danger.

40.    This continued to happen frequently until finally, on June 23rd, 2016, while Plaintiff carrying a bowl of meat down the stairs (holding the bowl with one hand and the hand rail with the other) she fell down the stairs, slipping through eight steps until she finally reached the bottom floor.

41.    Upon falling the bowl of meat fell on top of her and ultimately onto the floor.

42.    Once on the floor, she tried to get up and once again slipped on the wet floor, falling on top of the last step.

43.    The Steward Assistant wasn't in direct view of the ladder but heard all of the noises of the fall and asked her if she was OK.

44.    The incident was reported immediately to Bosun, Adrian Surillo, who said he had reported all of the incidents and had yet to hear from his superiors about a solution.

45.    Plaintiff filed a Statement of Person Claiming Injury with Defendant where she reported the incident.

46.    On June 24th, 2016, Plaintiff visited the vessel's treatment facility where she reported pain in her lower back and on her chest.

47.    At the treatment facility, she was diagnosed with multiple traumas in her right arm and lower back.

48.    At the treatment facility, she was prescribed several pain killers including Toradol, Decadron, Norflex, Flexeril and Relafen.

49.   She was then declared not fit for duty and follow up treatment was recommended.

50.   On June 25th, 2016, Defendant's provided Plaintiff a discharge.

51.   Once back in Puerto Rico, Plaintiff immediately sought medical consultation and performed several X-rays.

52.   The incident would not have occurred if the stairs were fixed in order to make them safer as requested by Plaintiff since her first fall.

53.   As a result of this incident, Plaintiff has suffered a herniated disc, bruises, back pain, soreness, difficulty walking and stress due to being not fit for duty.

54.   Such injuries occurred as a proximate result of the unsafe, negligent and unseaworthy condition of the vessel operated by Defendant.

55.   She has met with internal medicine doctors which have diagnosed her with damages to her back.

**FIRST CAUSE OF ACTION – NEGLIGENCE**

56.   The allegations contained all in previous paragraphs are re-alleged as if fully alleged herein.

57.   Plaintiff's damages were a direct consequence of defendants' negligence by:  (a) failing to provide a suitable work space; (b) fail to provide a safe work space; (c) failing to protect the stairwell from slippery conditions; (d) failing to maintain safe premises; (e) failing to provide adequate and immediate medical attention; (f) ignoring plaintiff's requests to fix the staircase; (g) not providing adequate safety equipment (i.e: shoes); (h) not providing the adequate

kitchen appliances; (i) failing to provide a bigger space for cooks; (j) requiring plaintiff to use a flight of stairs daily in order to perform her job; (k) by failing to report plaintiff's injury to the Chief Mate; (l) by failing to file with the Coast Guard a "Report of Marine Accident, Injury or Death" (Form CG 2692) in connection with Plaintiff's injury; (m) by failing to hire adequate personnel which were not well trained and/or had lack of knowledge on injury proceedings; (n) by failing to provide proper maintenance to the stairs; (o) by overdosing plaintiff with medical prescriptions; among others.

58.     TOTE Services, Inc., and/or TOTE MARITIME actions and omissions, through fault and/or negligence, caused damages to Plaintiff, in violation of the Jones Act and General Maritime Law entitling plaintiff to damages caused as a result of those acts and omissions.

59.     TOTE Services, Inc., and/or TOTE MARITIME negligence and/or intentional acts were a proximate legal cause of Plaintiff's injury.

**SECOND CAUSE OF ACTION – UNSEAWORTHINESS**

60.     The allegations contained all in previous paragraphs are realleged as if fully alleged herein.

61.     TOTE Services, Inc., and/or TOTE MARITIME failed to provide an adequate work place.

62.     TOTE Services, Inc., and/or TOTE MARITIME maintained an unsafe place for plaintiff to work and exposed her to danger when requiring her to use a flight of stairs daily that were wholly unsafe and dangerous.

9

63.   The vessel was unseaworthy and TOTE Services, Inc., and/or TOTE MARITIME failed to fix the dangerous situation.

64.   Plaintiff's injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessel, which was managed, operated and/or maintained by TOTE Services, Inc., and/or TOTE MARITIME. In addition, said injuries were caused in whole, as a proximate result of negligence on the part of the Defendant, its agents, servants and/or employees.

65.   TOTE Services, Inc., and/or TOTE MARITIME knows that Plaintiff is Not Fit for Duty and also that she did not yet reach her maximum medical cure ("MMC").

**THIRD CAUSE OF ACTION – MAINTENANCE & CURE**

66.   The allegations contained all in previous paragraphs are realleged as if fully alleged herein.

67.   There is a Collective bargaining agreement ("CBA") between SIU and TOTE Services, Inc., and/or TOTE MARITIME.

68.   That CBA affects all SIU members.

69.   Said CBA clearly states that the maintenance rate will be weekly paid at $16.00 per day.

70.   Since Plaintiff was discharged she is entitled to receive unearned wages from the date she was discharged until the end of the voyage.

71.   Plaintiff is also entitled to receive a reimbursement of all medical expenses incurred, none of which have been paid by TOTE Services, Inc., and/or TOTE MARITIME.

10

72.    Until today, TOTE Services, Inc., and/or TOTE MARITIME failed to weekly pay maintenance and cure and unearned wages. Defendants owe Plaintiff an amount not less than $20,000.00.

### THIRD CAUSE OF ACTION

73.    The foregoing paragraphs are realleged and reasserted herein.

74.    Co-defendants **STEAMSHIP MUTUAL MANAGEMENT (BERMUDA) LTD; THE STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED; STEAMPSHIP INSURANCE MANAGEMENT SERVICES LTD;** is liable for the negligence, fault, legal violations and unseaworthy conditions of their insured up to the coverage limit of the certificate of entry to their benefit. Plaintiff hereby exercises their right to present a direct action against the aforementioned protection and indemnity club.

### DAMAGES

75.    As a result of the actions described herein, plaintiff was unable to continue working aboard the Perla del Caribe and has been unable to work ever since.

76.    Plaintiff continues to be not fit for duty.

77.    As a result thereof, plaintiff is until now disabled due to her pain on her back. She also suffers from muscle, arms, neck and shoulder pains, difficulty walking, bruises, a sense of despair and helplessness, a lack of interest in daily activities, insomnia and other sleep disturbances such as nightmares, depression, her tranquility has been seriously affected, back pain starting from the neck to the back, crying, barely can drive a car, has been

diagnosed with bursitis, suffered economic losses, all of which affects her daily activities, including her family life.

78.   Plaintiff's damages herein alleged apply to all causes of actions.

79.   The plaintiff has had to seek out and continue on medical treatment.

80.   As a result of the events described herein, Plaintiff has suffered and continues to suffer irreparable physical, economical and emotional damages.

81.   Since Plaintiff could not work ever since, she request an amount not less of $1,500,000.00 for economic losses.


# VI. RELIEF

82.   Wherefore, plaintiff prays that this court enter judgment in favor of plaintiff and against defendants and award the plaintiff the following monetary amounts, totaling $4,820,000.00 to be paid by defendants:

a.   For her emotional damages and pain and suffering, an amount which is estimated at this time to be in excess of $1,500,000.00.

b.   For loss of past and future income, as well as economic losses, an amount which is estimated at this time to be in excess of $1,500,000.00.

c.   For her physical damages, an amount which is estimated at this time to be in excess of $1,500,000.00.

d.     For failure to pay unearned wages, maintenance and cure an amount not less than $20,000.00.

e.     Punitive damages for an amount not less than $300,000.00.

f.     Provide for the payment of all applicable interests, including prejudgment interest, together with reasonable attorney's fees, litigation expenses and the costs of this action.

g.     Grant plaintiff such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of August, 2016.

**BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel(787) 946-5268/Fax(787)946-0062

S/Alejandro Bellver Espinosa
Alejandro Bellver Espinosa, Esq.
U.S.D.C. – P.R. 225708
Email: alejandro@bellverlaw.com

/s/ Krystal Santiago Sánchez
Krystal Santiago Sánchez, Esq.
U.S.D.C. – PR 303611
Email: krystal@bellverlaw.com